**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK T. JONES,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 96-5268
(D.C. No. 93-CR-35-3-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

Plaintiff-Appellant Patrick T. Jones was convicted by a jury in the United States District Court for the Northern District of Oklahoma, on three counts stemming from an armed robbery of a Tulsa, Oklahoma credit union. He was sentenced to 117 months in prison. His conviction and sentence were affirmed by this court on direct appeal. United States v. Jones, No. 93-5159 (10th Cir. Mar. 8, 1994) (unpublished Order and Judgment).

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Subsequently, on January 12, 1996, Jones moved to vacate his convictions on all three counts "based upon ineffective assistance of counsel, perjury by omissions, [and] conspiracy." (R.O.A. Doc. 86).   The district court denied Jones's motion.  United States v. Jones, No. 93-CR-35-5-C (N.D. Okla. Feb. 14, 1996) (unpublished Order).  Jones did not appeal the denial of the motion.

Instead, on August 22, 1996, Jones filed in the district court a *pro se* "Motion in Support of 2255," again seeking to vacate his conviction with respect to the bank robbery count.  (R.O.A. Doc. 91).  In this motion, Jones claimed that the government had failed at trial to establish that the credit union which Jones robbed was insured by the National Credit Union Administration Board, an element necessary to support Jones's conviction under 18 U.S.C. §§ 2113(a), 2113(g) (1994 & Supp. 1997).  This claim had been alluded to, albeit not squarely presented, in Jones's January 12, 1996 "Motion To Vacate Judgment."

In a Minute Order, the district court denied as moot Jones's August 22, 1996 motion.[1]  Jones filed timely notice of appeal.  Although the district court denied Jones's request for a certificate of appealability, United States v. Jones,

---

[1]The Minute Order was apparently neither reduced to writing, nor conveyed in any way to either Jones or the government.  It is not contained in the Record on Appeal, which was prepared by the Deputy Clerk of the district court.  On September 30, 1996, Jones was first informed by a letter from the Deputy Clerk of the district court that a Minute Order denying Jones's motion as moot had been entered on September 5, 1996. Further, the government did not file its Response to Defendant's Motion To Vacate Sentence until September 11, 1996, six days after the Minute Order was entered.

No. 93-CR-35-C (N.D. Okla. Dec. 4, 1996) (Order), it granted Jones's application to proceed on appeal *in forma pauperis*, "provided that Jones satisfies the conditions set forth in [28 U.S.C.] § 1915(b)." United States v. Jones, No. 93-CR-35-C (N.D. Okla. Jan. 7, 1997) (Order). We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 (1994).

As a threshold matter, we note that the present motion is actually Jones's *second* motion brought pursuant to 28 U.S.C.A. § 2255 (Supp. 1997). Although neither Jones's January 12, 1996 "Motion to Vacate Judgment" (R.O.A. Doc. 86) nor the district court's Order denying that motion, United States v. Jones, No. 93-CR-35-5-C (N.D. Okla. Feb. 14, 1996), made any express reference to 28 U.S.C.A. § 2255, that provision provides the sole mechanism by which "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C.A. § 2255 (Supp. 1997). We therefore construe Jones's January 12, 1996 "Motion to Vacate Judgment" as a motion brought pursuant to 28 U.S.C.A. § 2255 (Supp. 1997). Correspondingly, Jones's August 22, 1996 "Motion in Support of 2255," which is presently at issue, is Jones's second motion brought pursuant to 28 U.S.C.A. § 2255 (Supp. 1997).

A second or successive motion brought pursuant to 28 U.S.C.A. § 2255

(Supp. 1997) must be dismissed unless it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 (Supp. 1997); see also 28 U.S.C.A. § 2244 (Supp. 1997)

(setting forth procedure that must be used in order to bring a second or successive

petition under 28 U.S.C.A. § 2255).[2]

In the present case, Jones does not claim that any "new rule of

constitutional law" affects his case.  He does, however, claim that he has recently

discovered new evidence tending to suggest that the credit union which he robbed

was not federally insured.  We disagree with Jones that "if proven and viewed in

---

[2]In addition, 28 U.S.C.A § 2255 (Supp. 1997) was amended on April 24, 1996 to provide that "[a] 1-year period of limitation shall apply to a motion under this section," and that other than in certain exceptional circumstances not present here, "[t]he limitation period shall run from . . . the date on which the judgment of conviction becomes final." Id.  In the present case, Jones's judgment of conviction became final on March 8, 1994, when it was affirmed by this court.  Nonetheless, Jones is not time-barred from filing the present motion, because the one-year limitations period reflected in the amended 28 U.S.C.A. § 2255 is not to be applied fully retroactively.  United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).  Rather. "prisoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997." Id.  Jones has complied with this requirement.

light of the evidence as a whole," his new evidence "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C.A. § 2255 (Supp. 1997). Indeed, we believe that Jones's claim is frivolous.[3]

First, we note that in a formal Stipulation Agreement signed by an Assistant United States Attorney, by Jones's attorney, *and by Jones himself*, Jones stipulated prior to trial that:

> The parties hereby agree and stipulate that on December 23, 1992, the Communications Federal Credit Union was chartered by the State of Oklahoma and by the United States of America.

> The parties further agree and stipulate that on December 23, 1992 the Communications Federal Credit Union was federally insured by the National Credit Union Administration.

---

[3]We are required under the Prison Litigation Reform Act of 1996 ("PLRA") to dismiss a civil action or appeal filed by a prisoner *in forma pauperis* once we determine that the action or appeal is frivolous. 28 U.S.C.A. §§ 1915(e)(2)(B)(i), 1915A(b)(1) (Supp. 1997). Further, under PLRA, a prisoner who has had three *in forma pauperis* civil actions or appeals dismissed as frivolous may bring no further civil actions or appeals without pre-paying the filing fees in full, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g) (Supp. 1997). However, we have recently held that actions brought pursuant to 28 U.S.C.A. § 2255 (Supp. 1997) are not "civil actions" within the meaning of the filing fee provisions of PLRA. United States v. Simmonds, 111 F.3d 737, 741-43 (10th Cir. 1997). Thus, our determination that Jones's present action is frivolous does not affect Jones's status under 28 U.S.C.A. § 1915(g) (Supp. 1997).

(R.O.A. Doc. 92 Ex. E).  This stipulation relieved the government of its burden of proving, at Jones's trial, the "federal insurance" element of 18 U.S.C. §§ 2113(a), 2113(g) (1994 & Supp. 1997).

Second, we note that in its response to Jones's Motion, despite having been relieved of its burden to do so by Jones's prior stipulation, the government came forward with apparently irrefutable evidence tending to prove that on December 23, 1992 the Communications Federal Credit Union *was* federally insured by the National Credit Union Administration.   (R.O.A. Doc. 92 and attached exhibits).

For these reasons, we DENY Jones's request for certificate of appealability. Jones's appeal is hereby DISMISSED.  The Minute Order of the district court denying Jones's second motion for relief under 28 U.S.C.A. § 2255 is therefore FINAL.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge