**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK TERRENCE JONES,

      Petitioner - Appellant,

v.

JOSEPH M. BROOKS, Warden,

      Respondent - Appellee.

No. 97-1464

(97-D-2105)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner was convicted by a jury in the United States District Court for the Northern District of Oklahoma on three counts resulting from an armed robbery of a federal credit union in Tulsa, Oklahoma. His conviction was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirmed by this court on direct appeal. <u>United States v. Jones</u>, 19 F.3d 34 (10th Cir. 1994) (unpublished). The District Court for the Northern District of Oklahoma subsequently denied two petitions for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2255. We denied Petitioner's request for a certificate of appealability and dismissed the appeal of his second section 2255 motion because we believed his claim was frivolous.[1] <u>Jones v. United States</u>, 114 F.3d 1198 (10th Cir. 1997) (unpublished). Petitioner is presently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Englewood, Colorado.

Petitioner, proceeding *pro se*, filed this habeas petition in the jurisdiction where he is confined, the District of Colorado, pursuant to 28 U.S.C. § 2241. Petitioner attacks the validity of his conviction alleging that the evidence is insufficient to support his conviction and that the federal district court lacked jurisdiction because the government did not establish that the credit union he was convicted of robbing was federally insured. These claims are identical in all material respects to the claims presented to the Northern District of Oklahoma by Petitioner in his second section 2255 motion. Petitioner now appeals the denial of his section 2241 habeas petition by the District Court for the District of Colorado

---

[1] Petitioner did not appeal the district court's denial of his first motion to vacate his conviction.

and the court's dismissal of his action without prejudice.[2]  He also appeals the district court's decision denying him leave to proceed *in forma pauperis*.

After carefully reviewing the record, we AFFIRM the dismissal without prejudice of Petitioner's section 2241 petition for substantially the same reasons as stated by the district court in its Order filed December 4, 1997.[3]  See Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996).  Pursuant to 28 U.S.C. § 1915(a)(3) and for the reasons stated by the district court in its Order filed December 31, 1997, we DENY Petitioner leave to proceed *in forma pauperis*.

DISMISSED WITHOUT PREJUDICE.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2] We note that a certificate of appealability is not required to appeal from a final order in a proceeding under 28 U.S.C. § 2241.  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

[3] The "three-strikes provision" of 28 U.S.C. § 1915(g) is not implicated because Petitioner's action is dismissed without prejudice.  Further, although not clearly articulated by this court, it is likely that section 1915(g) does not apply to section 2241 petitions.  See McIntosh, 115 F.3d at 812 (holding that section "2241 proceedings, and appeals of those proceedings, are not 'civil actions' for purposes of 28 U.S.C. §§ 1915(a)(2) and (b)"); Westine v. United States, 120 F.3d 271 (10th Cir. 1997) (unpublished) (determining that section 1915(g) does not apply to section 2241 petitions under McIntosh).