**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

JASON M. DAY,

      Plaintiff-Appellant,

v.

GARY D. MAYNARD, Director of the
Oklahoma Department of Corrections;
JAMES SAFFEL, Regional Director
for the Oklahoma Department of
Corrections; DAN REYNOLDS,
Warden at the Oklahoma State
Penitentiary; KEN KLINGER, Deputy
Warden of Administrative Operations
at the Oklahoma State Penitentiary;
JOHN EAST, Unit Coordinator at the
Oklahoma State Penitentiary; EDDIE
MORGAN, Unit Manager at the
Oklahoma State Penitentiary; EMMA
L. WARE, Case Manager at the
Oklahoma State Penitentiary; J. JILES,
Correctional Officer; MOODY,
Sergeant, Correctional Officer at the
Oklahoma State Penitentiary and
assigned to the H-Unit; COOLEY,
Correctional Officer at the Oklahoma
State Penitentiary and assigned to the
Northwest wing of the H-Unit;
DR. MILTON VOGT, Head Medical
Doctor at the Oklahoma State
Penitentiary; DANNY NACE, Head
of Security of the Oklahoma State

No. 99-7059

Penitentiary; GAYLE KRIEN,
Inter-State Compact Service
Coordinator,

Defendants-Appellees.

---

**ORDER**

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

On November 3, 1999, this court issued an order notifying Mr. Day that he had three strikes pursuant to 28 U.S.C. § 1915(g). We ordered Mr. Day either to show cause why his appeal should not be dismissed for failure to prepay the entire filing fee as required by § 1915(g), or to show that the provisions of the Prison Litigation Reform Act do not apply to this proceeding. Having now considered the arguments raised in Mr. Day's response to the court's order to show cause, and also those raised in his motion to proceed in forma pauperis, we conclude that § 1915(g) applies and that he is responsible for full payment of the filing fee.

In his motion to proceed in forma pauperis, Mr. Day argued that (1) none of the matters on which the district court relied in determining that he had three strikes was dismissed as frivolous or malicious; and (2) all of the cited cases were

dismissed without prejudice and therefore did not count as strikes for purposes of § 1915(g). The court is not persuaded by these arguments.

The United States District Court for the District of Connecticut dismissed Day v. Keefe Supply Co. et al., No. 95-CV-2772 (D. Conn. Sept. 10, 1996), because it "lacked an arguable basis in law." This is the equivalent of a dismissal for frivolousness. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The other two strikes were for cases dismissed for failure to state a claim upon which relief may be granted, which is also grounds for a strike. See 28 U.S.C. § 1915(g). Moreover, a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. See, e.g., Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), cert. dismissed, 119 S. Ct. 27 (1998), petition for cert. filed (U.S. Sept. 21, 1998) (No. 98-6127); Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998). [1]

We turn next to the arguments raised in Mr. Day's response to the order to show cause. He asserts that this court should not have counted Day v. Meachum,

---

[1]     To the extent this court's unpublished decision in Jones v. Brooks, No. 97-1464, 1998 WL 161038, at **1, n.3 (10th Cir. Apr. 1, 1998) is to the contrary, it has no precedential value and we decline to follow it. See 10th Cir. R. 36.3(A).

The holding that cases dismissed without prejudice counted as strikes against Mr. Day is a narrow one. We do not consider, for example, whether a case dismissed without prejudice, then refiled and dismissed a second time would count as two separate strikes. That question is not presented in this case.

No. 93-CV-2420 (D. Conn. Dec. 2, 1993) as a strike, because the order dismissing that case was filed before the enactment of PLRA. This court rejected a similar argument in Green v. Nottingham, 90 F.3d 415, 418-20 (10th Cir. 1996) (holding that § 1915(g) merely announced a new procedural rule and that this court may therefore count prisoner suits dismissed prior to the statute's enactment as strikes). Mr. Day's argument lacks merit.

Finally, Mr. Day argues that he falls under an exception to the three strikes provision for prisoners "under imminent danger of serious physical injury." § 1915(g). He claims that his life is in danger in the Connecticut prison where he now resides. This allegation is not sufficient to obtain relief under the "imminent danger" exception, however, since his complaint targets Oklahoma defendants who he fails to show have any control over his current conditions of confinement. Cf. Ashley v. Dilworth, 147 F.3d 715, 718 (8th Cir. 1998) (Beam, J., dissenting) ("[B]y its plain language, [§ 1915(g)] limits the relief we can offer to such a prisoner to prospective relief for the actions that have caused the immediate risk of harm.").

We conclude that the provisions of the Prison Litigation Reform Act apply to this proceeding, that Mr. Day has three strikes for purposes of 28 U.S.C. § 1915(g), and that he is responsible for full prepayment of the entire filing fee. Accordingly, Mr. Day's motion to proceed in forma pauperis is DENIED. If Mr.

Day fails to pay the full filing fee for this appeal to the district court within twenty days of the date this order is entered, his appeal will be DISMISSED.

Entered for the Court
PATRICK FISHER, Clerk of Court


By:
Keith Nelson
Deputy Clerk

-5-