**F I L E D**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JUN 5 2001**

TENEN CIRCUIT

_____

MICHAEL DUANE WINDSOR; F. DAVID
SLUSHER; KIPLING KEY,

      Plaintiffs-Appellants,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
BILL OWENS; JOHN W. SUTHERS; JOSEPH T.
McGARRY; DON LAWSON; TONY SCHENK;
ORVILLE NEUFELDS; FRANK E. RUYBALID;
RICHARD A. SOARES; JUDY BULLARD; TED
LAURENCE; PHYLLIS GRISWOULD; GISELA
WALKER; CATHIE HOLST; ROSE HEDGEMAN;
BRAD ROCKWELL, in their official and personal
capacities; John/Jane Doe(s),

      Defendants-Appellees.

No. 01-1082
(D. Colo.)
(D.Ct. No. 00-Z-2059)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants Michael Duane Windsor, F. David Slusher, and Kipling Key, state inmates appearing *pro se*, appeal the district court's decision dismissing their prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983. The district court dismissed Appellants' complaint for failure to prosecute because they did not file an amended complaint, as ordered, in compliance with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

Appellants and another individual, James Alan Braxton, initiated a 42 U.S.C. § 1983 action by filing a standard § 1983 complaint form and hundreds of attachments. The district court assigned the matter to a magistrate judge, who issued an order finding the complaint deficient because it failed to comply with the pleading requirements of Fed. R. of Civ. P. 8. The magistrate judge found the complaint, together with the attachments, failed to sufficiently identify the specific injuries suffered, and presented only "long-winded, chronological recitations of acts or events without stating clearly how each Plaintiff's

constitutional rights were violated." In addition, the magistrate judge concluded "[n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format." Besides detailing the deficiencies in the complaint, the magistrate judge also explained the basic pleading requirements of Fed. R. Civ. P. 8. The magistrate judge then ordered the Plaintiffs to file, within thirty days from the date of the magistrate judge's order, an amended complaint complying with Fed. R. Civ. P. 8, and instructed that failure to do so would result in dismissal without further notice.

After the magistrate judge issued its order, Plaintiff James Alan Braxton filed a motion to dismiss his civil rights complaint, explaining he failed to exhaust the administrative grievance procedures, and asking his complaint be dismissed separately from the other Plaintiffs. The district court issued an order of voluntary dismissal, dismissing Mr. Braxton without prejudice. The remaining Plaintiffs filed an objection to the magistrate judge's order, listing reasons 1) why they were unable to comply with the order, and 2) their intent to stand on their complaint, which they described as "simple, concise, and direct," containing all the material facts supporting their case. The district court determined the

objections lacked merit. The district court further noted the Plaintiffs failed to file an amended complaint as ordered and that the magistrate judge had informed them failure to do so would result in dismissal. Accordingly, the district court dismissed their complaint without prejudice for failure to prosecute.

On appeal, the three named Appellants present the following issues for review:

> Was it an abuse of discretion for the District Court to dismiss Appellants' Complaint: (i) when the Complaint met none of the grounds for dismissal pursuant to 28 U.S.C. § 1915A(b); (ii) when the District Court['s] application of Rule 8 Fed.R.Civ.P. was overbroad [sic] as applied to Plaintiffs; (iii) when Plaintiffs, who are prisoners, are required by rule to use the court's forms and follow the rules accompanying that form; (iv) when Plaintiffs have a protected right to avoid the "strikes" under the PLRA, by carefully bringing all available information; (v) when the pleadings state a valid claim on which the Plaintiffs could prevail, and the court can reasonably read them; (vi) when Plaintiffs paid the filing fee in full?

In addition, Appellants suggest the complaint is lengthy and encompasses 504 paragraphs and several hundred exhibits because of the requirement they state all facts necessary to show the culpability of the seventeen named Defendants. They surmise the magistrate judge should have set forth the facts and documents to be omitted rather than dismiss their complaint simply because he was annoyed by its length. Finally, they note the district court somehow improperly construed their intent to stand on their complaint, rather than to amend it, as a "failure to

prosecute."

The decision to dismiss an action without prejudice for failure to comply with Fed. R. Civ. P. 8 is within the sound discretion of the district court, and we review the court's decision for an abuse of discretion. *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993), *cert. denied*, 511 U.S. 1034 (1994); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8(a) requires Appellants' complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [they are] entitled to relief, and (3) a demand for judgment for the relief [they] seek[]. Fed. R. Civ. P. 8(a). Although we construe Appellants' *pro se* pleadings liberally, they must follow the rules of federal civil and appellate procedure, including Fed. R. Civ. P. 8. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995). In addition, the Federal Rules of Civil Procedure allow a district court to dismiss an action for failure to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b). Thus, we review for abuse of discretion the district court's dismissal of Appellants' § 1983 suit for failure to file an amended complaint in contravention of a court order. *See Mobley v. McCormick*, 40 F.3d 337, 340 & n.1 (10th Cir. 1994).

Applying these principles, we have generally reviewed Appellants' lengthy complaint and hundreds of attachments in support thereof. In the interest of judicial economy, we decline to duplicate the same analysis of the district court and magistrate judge here, other than to conclude, for the same reasons, that the complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. The sheer volume of the complaint and its attachments fail to give the Defendants fair notice of the basis of the claims against them so they may respond, or allow this court to conclude the allegations, if proven, show Appellants in this case are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989), *cert. denied*, 495 U.S. 930 (1990)). In addition, Appellants' decision to "stand by" their complaint is a risk they took when the magistrate judge ordered them to file an amended complaint in accordance with Fed. R. Civ. P. 8 and informed them failure to do so would result in dismissal. For this reason, we conclude the district court did not abuse its discretion in ordering Appellants to file an amended complaint in compliance with Fed. R. Civ. P. 8, or by dismissing the §1983 complaint without prejudice for failure to prosecute when Appellants failed to file an amended complaint.

As to Appellants' other issues on appeal, we conclude for the same reasons

they are equally without merit, regardless of the large number of named Defendants or the fact Appellants paid the filing fee and used the court form required for bringing a prisoner § 1983 action. Moreover, while the magistrate judge and district court are required to construe the *pro se* complaint in this case liberally, they are not required to construct Appellants' claims or grounds of relief for them or provide specific instructions on what facts or documents to omit. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Finally, we have determined "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." *Day v. Maynard*, 200 F.3d 665, 557 (10th Cir. 1999) (per curiam). In this case, the district court did not dismiss Appellants' § 1983 complaint without prejudice for failure to state a claim, but for failure to prosecute their case because they did not file an amended complaint in compliance with Fed. R. Civ. P. 8 as ordered. Therefore, under the circumstances presented in this case, we conclude the three-strikes provision of which Appellants complain does not apply here.

For these and substantially the same reasons in the magistrate judge's December 18, 2000 Order Directing Plaintiffs to File Amended Complaint and the

-7-

district court's February 6, 2001 Order and Judgment of Dismissal, we **AFFIRM** the district court's dismissal of Appellants' § 1983 complaint without prejudice.

The filing of this order and judgment renders moot Appellants' Motion to Suspend Rules and to Expedite its Decision.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge