*This case was not selected for publication in the Federal Reporter*

Benny R. SMITH, Plaintiff–Appellant,

v.

C. COWMAN, Cellhouse Sargent; R. Hunt, Disciplinary Hearing Officer, Defendants–Appellees.

No. 06–3272.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 2006.

688

Benny R. Smith, Hutchinson, KS, pro se.

Phill D. Kline, Office of the Attorney General State of Kansas, Topeka, KS, for Defendants–Appellees.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not bind-

Before MURPHY, SEYMOUR, and McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT*

MICHAEL W. McCONNELL, Circuit Judge.

Benny R. Smith, a Kansas state prisoner, brought a number of complaints under 42 U.S.C. § 1983 concerning the condition of his confinement. On March 1, 2006, the U.S. District Court for the District of Kansas ruled that he had not demonstrated an exhaustion of administrative remedies, as required by 42 U.S.C. § 1997e, and gave him sixteen days to do so. Mr. Smith filed an interlocutory appeal, which this court dismissed for lack of jurisdiction on June 8. On June 13, the district court, noting that the defendant had still provided no information about his exhaustion of remedies, dismissed the action without prejudice, stating that: "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." R., Doc. 11 at 2 (quoting *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003)).

Over the next several weeks, Mr. Smith filed a motion for reconsideration, a motion for certificate of appealability, and a "motion to set the record straight." Because this is a § 1983 action, not a habeas corpus action, the district court properly ruled that the application for a certificate of appealability was moot. It made no ruling on the "motion to set the record straight,"

ing precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

which was a reiteration of the defendant's factual complaints. The court interpreted the motion for reconsideration as a motion to alter or amend the judgement under Fed.R.Civ.P. 59(e). In that motion, Mr. Smith stated that he was unable to produce a copy of administrative proceedings because prison guards had stolen the papers from his cell. The district court found no factual basis for Mr. Smith's allegations and denied his motion for reconsideration on July 19.

Because a Rule 59(e) motion tolls the time to file a notice of appeal so long as the motion is filed within ten days of entry of a final judgment, Mr. Smith's appeal is timely. Fed. R.App. P. 4(a)(4)(A)(iv); *Steele*, 355 F.3d at 1212. We normally treat a failure to exhaust administrative remedies as a failure to state a claim under Fed.R.Civ.P. 12(b)(6), and we consider the appeal *de novo*, accepting all well-pleaded factual allegations in the light most favorable to the non-moving party. We construe pro se pleadings liberally, *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir.1999), but we do "not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. N.M.*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

■ We agree with the district court that Mr. Smith has produced no credible scenario that excuses his failure to produce proof of administrative exhaustion. The defendant states that the records of his administrative appeal "came up missing" from his cell in late May or early June. Even taking those allegations as true, we find that Mr. Smith has had ample time to request replacement copies of his administrative papers. The record shows no evidence that he has done so.

■ The judgment of the United States District Court for the District of Kansas is therefore **AFFIRMED**. Because the dismissal of the complaint was based on a failure to exhaust administrative remedies, it accrues as Mr. Smith's third strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir.1999) ("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."); *Steele*, 355 F.3d at 1213 ("A dismissal based on lack of exhaustion ... should ordinarily be without prejudice. Nevertheless, the dismissal may constitute a strike for purposes of 28 U.S.C. § 1915(g).").

Appellant's motion to proceed *in forma pauperis* is **DENIED**. This court reminds Mr. Smith of his obligation to continue making partial payments of the appellate filing fee until paid in full.