FILED
United States Court of Appeals
Tenth Circuit

April 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK BANKS,

        Plaintiff-Appellant,

v.

UNITED STATES MARSHAL; LT.
MOSES, also known as Lt. Moseley,

        Defendants-Appellees.

No. 07-6191
(D.C. No. CIV 07-00229-F)
(W.D. Okla.)

FREDERICK BANKS,

        Plaintiff-Appellant,

v.

R. PARTYKA, Dr.; JOE KEFFER,
Warden,

        Defendants-Appellees.

No. 07-6230
(D.C. No. CIV 07-331-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Frederick Banks, a federal prisoner appearing *pro se*, appeals from two district court decisions dismissing, pursuant to 28 U.S.C. § 1915(e)(2)(B), his host of claims. We have consolidated Mr. Banks' two appeals for purposes of disposition and exercise jurisdiction under 28 U.S.C. § 1291. In appeal No. 07-6191, Mr. Banks asserts that the district court erred in dismissing his claims, brought under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking damages and injunctive relief for various alleged violations of Mr. Banks' constitutional and statutory rights. In appeal No. 07-6230, Mr. Banks maintains that the district court erred in dismissing a series of FOIA, Privacy Act, and constitutional claims against certain employees of the Butner Federal Correctional Complex in North Carolina ("Butner"). For substantially the same reasons that the magistrate judges delineated and the district court adopted, we deny Mr. Banks' motions to proceed *in forma pauperis* ("IFP") and dismiss his appeals.

## I.     Background

The genesis of Mr. Banks' two appeals is his confinement, from December 28, 2006 to February 14, 2007, in the segregated housing unit (SHU) at Butner, and his eventual transfer first to the Federal Transfer Center in Oklahoma City, Oklahoma, and finally on to his current correctional facility in Yazoo City,

Mississippi.  Apparently, Mr. Banks' initial placement in the SHU stemmed from accusations that he was stalking his prison psychologist, Defendant-Appellee Partyka.  Mr. Banks, however, alleges that he was confined in the SHU without being charged or given an incident report.  While in the SHU, Mr. Banks claims, the prison staff there shredded requests he made to the staff and mocked poetry he wrote to Partyka.  In addition, Mr. Banks alleges that a Lt. Moses was in charge of the SHU and that Moses, spurred by racial animus, also put Mr. Banks' requests in the rubbish.

Moreover, Mr. Banks maintains that while in transit from Butner to his current facility in Yazoo City, he requested, under FOIA and the Privacy Act, that Defendant-Appellee Joe Keffer provide him all records relating to his transit order.  Mr. Banks asserts that he received no records from Keffer.  In addition, Mr. Banks claims that he propounded similar requests to the Defendant-Appellee U.S. Marshal in Oklahoma City.  These requests also netted Mr. Banks nothing.

To synthesize his two complaints, Mr. Banks alleged violations of his Ninth Amendment "right to love"; deprivations of due process in violation of the Fifth Amendment; violations of the Equal Protection Clause of the Fifth Amendment; violations of his First Amendment rights; and violations of FOIA and the Privacy Act.  In adopting the July 6, 2007 Report and Recommendation of Magistrate Judge Valerie K. Couch and the August 21, 2007 Report and Recommendation of Magistrate Judge Doyle W. Argo in their entirety, the district court: (1) concluded

that it lacked personal jurisdiction over Defendants Partyka and Lt. Moses and dismissed the claims against them without prejudice, (2) dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e), Mr. Banks' claims against the U.S. Marshal as legally frivolous and for failure to state a claim upon which relief may be granted, and (3) dismissed with prejudice, pursuant to § 1915(e), Mr. Banks' claims against Joe Keffer because they failed to state a claim upon which relief may be granted. Lastly, after Mr. Banks indicated his intent to appeal the dismissal of both suits, the district court certified that any appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## II. Discussion

The federal IFP statute is intended to open the federal courts to indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, because 28 U.S.C. § 1915(a) allows indigent litigants to commence lawsuits without prepayment of fees or costs – and thereby hazards abusive litigation – Congress also provided for the *sua sponte* dismissal of "frivolous or malicious" suits under § 1915(e)(2)(B)(i). See Neitzke, 490 U.S. at 324. Likewise, § 1915(e)(2)(B)(ii) provides for dismissal "at any time if the court determines that" the suit "fails to state a claim on which relief may be granted." A suit "is frivolous where it lacks an arguable basis either in law or fact." Neitzke, 490 U.S. at 325.

Additionally, this court has read § 1915(e)(2) to authorize the *sua sponte* dismissal of claims for lack of personal jurisdiction. Trujillo v. Williams, 465

F.3d 1210, 1217 (10th Cir. 2006); cf. Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (" A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense . . . only when the defense is obvious from the face of the complaint and no further factual record is required . . ." (quotation, citation omitted)), cert. denied, 127 S. Ct. 2297 (2006).

Dismissal under § 1915(e)(2) is discretionary. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Accordingly, we "review[] a district court dismissal under § 1915[(e)(2)] for an abuse of discretion." Whitney v. New Mexico, 113 F.3d 1170, 1172 (10th Cir. 1997). Where, however, the "frivolousness determination turns on an issue of law, we review the underlying legal determination *de novo*." Pierson, 435 F.3d at 1259.

Having reviewed the record, we discern neither any abuse of discretion nor any misstatement of the law. Both Magistrate Judges properly construed Mr. Banks' complaints liberally. See Lamb v. Rizzo, 391 F.3d 1133, 1135 n.1 (10th Cir. 2004). But both identified no claims that should survive § 1915(e). As such, for substantially the same reasons stated in the carefully researched and reasoned reports of the Magistrate Judges, we agree with the district court's decision to dismiss Mr. Banks' various claims. However, this court has an independent duty, under 28 U.S.C. § 1915(e)(2), to dismiss an appeal – rather than affirm the district court's dismissal –  if the appeal is frivolous. In light of the district

court's analysis and our review of Mr. Banks' claims, we dismiss his appeals as frivolous under § 1915(e)(2).

We turn now to Mr. Banks' request to proceed IFP. The district court denied Mr. Banks' motions for IFP status, and Mr. Banks' renewed his motion in this court. Perhaps predictably, given the analysis above, we conclude that he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). Accordingly, we deny his motions for IFP status and direct him to make full and immediate payment of the outstanding balance of the appellate filing fees for both appeals.

Finally, we consider the ramifications of these two appeals for Mr. Banks' right to seek pauper status in the future and ultimately declare four strikes for purposes of 28 U.S.C. § 1915(g).[1] "If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." Jennings v. Natrona County Det. Ctr. Med. Facility,

---

[1]The "three strikes" provision of the IFP statute provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

175 F.3d 775, 780 (10th Cir. 1999). We count "a dismissal without prejudice . . . as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam). Because we dismiss both of Mr. Banks' appeals here, we must assess Mr. Banks four strikes.[2] Thus, we caution Mr. Banks that he is barred from bringing a civil action or an appeal from a judgment in a civil action without

---

[2]One nagging issue stems from the manner in which the district court dismissed the two suits. First, the district court dismissed the suit that gave rise to appeal No. 07-6191 "without prejudice for failure to state a claim upon which relief may be granted and also for lack of personal jurisdiction over defendant Moses." Second, the court dismissed Mr. Banks' other complaint in part with prejudice (for failure to state a claim) and in part without prejudice (for lack of personal jurisdiction over Dr. Partyka). The overarching question, then, is whether a mixed dismissal can constitute a strike under § 1915(g).

"[T]he entire purpose of § 1915(g) would be subverted if prisoners could skirt its procedural bar by appending" defendants over whom the court lacks personal jurisdiction "to a complaint otherwise subject to summary dismissal on the merits." Pointer v. Wilkinson, 502 F.3d 369, 373 (6th Cir. 2007) (quoting Clemons v. Young, 240 F. Supp. 2d 639, 642 (E.D. Mich. 2003) (rejecting argument that complaint dismissed in part without prejudice – for failure to exhaust claims – should not count as strike despite the fact that rump of complaint was dismissed with prejudice pursuant to § 1915(e)(2)(B)). While an action dismissed "entirely without prejudice" is not a strike, Pointer, 502 F.3d at 375, unless the "dismissal is made because the action is frivolous, malicious, or fails to state a claim" Day, 200 F.3d at 667, a prisoner may not frustrate the "frequent filer" provision by tacking on additional defendants to a complaint that is otherwise subject to dismissal under § 1915(e)(2)(B).

Here, the suit underlying No. 07-6191 was dismissed entirely without prejudice, but was so dismissed under § 1915(e)(2)(B), at least in part, because of Mr. Banks' failure to state a claim. Thus, Day controls and the dismissal counts as a strike. Meanwhile, Pointer compels the conclusion that Mr. Banks' second suit must also be deemed a strike. In the end, then, the presence of non-prejudicial dismissals here does not alter the § 1915(g) analysis.

prepayment of the applicable filing fee unless he establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III. Conclusion

Because Mr. Banks' appeals present no reasoned, non-frivolous arguments, we **DENY** his request for IFP status, **DISMISS** his appeals, and assess four strikes against him.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge