**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES WILLIAMS,

      Plaintiff-Appellant,

v.

C. MESTAS; J. JONES; H.A. RIOS;
RICHARD SCHOTT,

      Defendants-Appellees.

No. 09-1236
(D. Colo.)
(D.C. No. 1:09-cv-00331)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant James Williams, a federal inmate incarcerated in White

Deer, Pennsylvania, has filed a pro se complaint alleging a variety of claims

pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971). Mr. Williams appeals from the district court's order

dismissing his claims as legally frivolous pursuant to 28 U.S.C. §

---

[*] This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the appellate record, this three-judge panel
determined unanimously that oral argument would not be of material assistance in
the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

1915(e)(2)(B)(i). For substantially the same reasons set forth by the district court, we agree that Mr. Williams's claims are frivolous, dismiss his appeal, and deny his motion to proceed *in forma pauperis* ("IFP"). *See Banks v. U.S. Marshal*, 274 Fed. App'x 631, 633-35 (10th Cir. 2008).

**I. Background**

In his February 17, 2009, complaint against several prison officials, Mr. Williams asserted that when he was being transferred to another institution in 2005, Colorado prison officials confiscated and destroyed his personal property, including legal materials and personal photographs. Mr. Williams alleged that his Fifth and Fourteenth Amendment rights to due process were violated when his property was destroyed. He also alleged that his First and Eighth Amendment rights were violated because the destroyed materials contained legal documents, including a habeas corpus petition Mr. Williams had intended to file and that asserted his actual innocence. Liberally construing Mr. Williams's pro se complaint, *see, e.g., Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999), the district court also perceived Mr. Williams to be raising a claim of property damage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. The district court dismissed all of Mr. Williams's claims as legally frivolous pursuant to § 1915(e)(2)(B)(i). Mr. Williams appeals.

**II. The Appeal**

The IFP statute is intended to provide indigent litigants with meaningful access to the federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* Accordingly, Congress also provided for the sua sponte dismissal of "frivolous or malicious" suits under § 1915(e)(2)(B)(i). *Id.* A suit "is frivolous where it lacks an arguable basis either in law or fact." *Id.* at 325.

We review a district court's determination of frivolousness for an abuse of discretion, but if the frivolousness determination turns on an issue of law, we review the dismissal de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Although we are not bound to accept Mr. Williams's factual allegations as true, they must be weighted in his favor. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Mr. Williams argues that the district court should not have dismissed his complaint as frivolous and he reiterates on appeal the substantive arguments he made before the district court. Mr. Williams also has filed a supplement to his appeal to ensure that we did not overlook any of his arguments due to the fact that his filings have been handwritten. Having carefully reviewed the record, we conclude that the district court correctly found that Mr. Williams's claims are

frivolous. Because Mr. Williams raises those same arguments on appeal, this appeal is frivolous and should be dismissed.

First, Mr. Williams cannot prevail on his claim that his Fifth and Fourteenth Amendment rights were violated because the prison provided him with an administrative remedy to challenge the destruction of his property. Mr. Williams therefore cannot assert a constitutional claim for the intentional deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining an intentional deprivation of property does not constitute a violation of the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"). Moreover, Mr. Williams cannot assert a claim for any negligent acts on the part of prison officials because such acts do not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding the Due Process Clause is "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property").

Mr. Williams's assertion that his First and Eighth Amendment rights have been violated because he has been unable to access the courts and file a habeas corpus action is likewise frivolous. As the district court concluded, Mr. Williams cannot demonstrate an actual injury because he has not demonstrated that he tried to pursue a non-frivolous claim in court but was unable to do so. His allegations therefore are insufficient to state an access claim under the First and Eighth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 348-50 (1996).

Finally, Mr. Williams appears to contend on appeal that the district court misread his complaint to include a property claim under the FTCA. And he appears to disavow the idea that he ever sought FTCA relief. *See* Aplt. Op. Br. at 4. ("The District Court misconstrued any evidence as [a] claim under FTCA [,] which it is not."). Even if such a claim were viable on appeal, however, we would conclude that the district court did not err in finding that the claim was frivolous. Specifically, any claim for alleged mishandling of property under the FTCA would be barred by sovereign immunity. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008). Insofar as Mr. Williams might argue that the property damage was intentional, moreover, the statute would not waive sovereign immunity for that type of intentional action. *See* 28 U.S.C. § 2680(h); *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text, and will not be implied." (citations omitted)).

In sum, we agree with the district court that Mr. Williams's claims are legally frivolous and were properly dismissed. Likewise, Mr. Williams's reiteration of his claims on appeal is frivolous and this appeal is dismissed under § 1915(e)(2)(B)(i).

**III. The IFP Motion**

We now turn to Mr. Williams's motion for IFP status. The district court denied Mr. Williams's motion to proceed on appeal without prepayment of fees

because he did not provide a certified copy of his prison trust account statement

pursuant to 28 U.S.C. § 1915(a)(2).[1]  Mr. Williams has renewed his motion in

this court and provided a copy of his prison trust account statement, but it is not a

certified copy.  Mr. Williams contends that he has repeatedly requested that

prison officials certify the copy of his trust account statement; however, they have

refused to do so.  We deferred ruling on the substantive aspects of Mr. Williams's

IFP motion, allowing him to proceed with this appeal, and issued an order

assessing partial payments pending a final determination on this issue.  In light of

our conclusion that Mr. Williams's appeal is frivolous, we conclude that affording

IFP status to Mr. Williams would be inappropriate.[2]  He has not demonstrated

---

[1]     Section 1915 states in relevant part that:

> A prisoner seeking to bring a civil action . . . without
> prepayment of fees . . . shall submit a certified copy of the
> trust fund account statement (or institutional equivalent) for
> the prisoner for the 6-month period immediately preceding the
> filing of the complaint . . . , obtained from the appropriate
> official of each prison at which the prisoner is or was
> confined.

28 U.S.C. § 1915(a)(2).

[2]     Although we need not definitively opine on the matter on these facts,
Mr. Williams's failure to file a certified trust account statement does not appear
to present the typical factual scenario where courts have denied IFP relief on this
ground and, consequently, his failure to file the statement might not have fatally
undermined his IFP motion.  Mr. Williams has made specific and supported
allegations that he has asked prison officials to certify the trust fund account
statement in accordance with § 1915(a)(2), but they refuse to do so.  Mr. Williams
has not been recalcitrant in refusing to comply with the statutory IFP

(continued...)

"the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *cf. Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting IFP motion because arguments raised in appeal were not frivolous). Accordingly, we deny Mr. Williams's motion for IFP status and direct him to make full and immediate payment of the outstanding balance of the appellate

---

[2](...continued) requirements or court orders, but has repeatedly attempted to comply and has been unable to produce a certified trust account statement. There is also no indication that the account statement is inaccurate. *Compare Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (explaining that the district court did not abuse its discretion in dismissing action when inmate failed to file affidavit and certified copy of trust fund account statement after being given four months to comply), *with Crews v. District of Columbia*, No. 97-7194, 1998 WL 315574, at *1 (D.C. Cir. May 11, 1998) (remanding the case for district court to consider inmate's assertion that he failed to fully comply with court orders because facility failed to provide him with copy of his trust account statement or forward copy to court). *Cf. Stallings v. Ritter*, No. 09-1175, 2009 WL 2993795, at *3 n.5 (10th Cir. Sept. 17, 2009) (explaining that the prison official justifiably refused to sign inmate trust account statement because it did not accurately reflect inmate's average account balance); *Hawkinson v. Montoya*, 283 Fed. App'x 659, 665 (10th Cir. 2008) (reasoning that the inmate could not argue that he had difficulty in obtaining account statements from officials because he had not made that argument in response to four show cause orders); *Montana v. Hargett*, 212 Fed. App'x 770, 773 (10th Cir. 2007) (finding that the district court did not abuse its discretion in dismissing action when inmate was given opportunity to support argument that he was precluded from receiving certified copy, but supplied only unsupported conclusory allegations of wrongdoing by prison officials, did not allege that his failure to provide certified copy was attributable to prison officials, and on three occasions he was able to obtain properly certified copies). Yet, because we have determined that this appeal is frivolous and a grant of IFP status to Mr. Williams would be inappropriate, we need not definitively decide whether Mr. Williams's failure to file a certified trust account statement would in itself fatally scuttle his claim for IFP relief.

filing fees.

## IV. Conclusion

For the foregoing reasons, we **DISMISS** this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Williams's motion to proceed without prepayment of appellate filing fees is **DENIED** and he is directed to make full and immediate payment of his outstanding fee balance. Finally, we assess two strikes for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."); *accord Banks*, 274 Fed. App'x at 634-35.

ENTERED FOR THE COURT

Jerome A. Holmes
U.S. Circuit Judge