**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSE GARZA,

      Plaintiff - Appellant,

v.

CORRECT CARE SOLUTIONS;
MARLENE ABLE, Director of Nurses,
Larned Correctional Mental Health
Facility; DOUGLAS WADDINGTON,
Warden, Larned Correctional Mental
Health Facility; JOHNNIE GODDARD,
Kansas Department of Corrections; (FNU)
LAWHORN, Regional Director, Correct
Care Solutions; S. KEPKA, Doctor,
Ellsworth Correctional Facility, a/k/a
Dennis Kepka; DANIEL STANTON,
Doctor, Lansing Correctional Facility;
KENDRA BARKER, Nurse, Larned
Correctional Mental Health Facility;
(FNU) BARKER, Nurse, Larned
Correctional Mental Health Facility; DEE
RUNDELL, Nurse, Larned Correctional
Mental Health Facility Clinic; WILLIAM
SLATER, Doctor,

      Defendants - Appellees.

No. 13-3222
(D.C. No. 5:12-CV-03139-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is

Before **HARTZ**, **GORSUCH,** and **PHILLIPS**, Circuit Judges.

Jose Garza, a prisoner proceeding pro se, brought claims under 42 U.S.C. § 1983 in the United States District Court for the District of Kansas. He alleged that in 2003 he was raped by a prison guard and two inmates at Lansing Correctional Facility and that he received inappropriate medical care from medical providers associated with Correct Care Solutions. The district court dismissed his sexual-assault claim because it had been litigated in five previous cases that had been dismissed for multiple reasons—including failure to exhaust administrative remedies, failure to name proper defendants, and failure to allege facts that would show that named defendants personally participated in the incident—and Mr. Garza had not alleged new facts that would allow him to overcome these deficiencies. The court dismissed his improper-medical-care claim because (1) he failed to allege sufficient facts to show that the named defendants had any personal role in the improper care; (2) he failed to allege that he has been diagnosed with any of the medical conditions that he alleges are being improperly treated or that he had unmistakable symptoms of the conditions; (3) he failed to allege facts that could imply that any of the medical providers acted with deliberate indifference to his medical needs; and (4) at most he alleged a negligence or malpractice claim, which does not rise to the

therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

level of a constitutional violation. On appeal Mr. Garza raises the same claims without providing any response to the district court's grounds for dismissal. We hold that the appeal is frivolous and dismiss it.

Mr. Garza also argues on appeal that he was denied effective assistance of counsel when the district court rejected his request for appointment of counsel. But the court did not abuse its discretion in refusing to appoint counsel for Mr. Garza in this civil case. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) ("Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." (internal quotation marks omitted)).

Finally, we consider Mr. Garza's strikes under the Prison Litigation Reform Act of 1995 (PLRA). The PLRA imposes strikes against prisoners "for purposes of future [*in forma pauperis*] eligibility when their action or appeal in a court of the United States was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (ellipses and internal quotation marks omitted); *see also* 28 U.S.C. § 1915(g). Prisoners who have received three strikes must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Hafed*, 635 F.3d at 1176 (internal quotation marks omitted). The only exception is for a prisoner who is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Garza now has more than three strikes. He received a strike when one of his earlier complaints was dismissed for failure to state a claim upon which relief can be

3

granted, *see Garza v. Bandy*, No. 08–3084–SAC, 2008 WL 2095369, at * 1 (D. Kan. May 16, 2008); and he received a strike when another complaint was dismissed because he failed to exhaust administrative remedies, *see Garza v. Correct Care Solutions*, No. 09-3146–SAC, 2011 WL 2580299, at *3 (D. Kan. Jun. 28, 2011); *Smith v. Cowman*, 208 F. App'x 687, 689 (10th Cir. 2006) (dismissal based on failure to exhaust administrative remedies is a strike under the PLRA). The district court's dismissal in this case for failure to state a claim upon which relief can be granted and our dismissal of the appeal as frivolous also impose strikes. Because Mr. Garza has more than three strikes he "may not proceed *in forma pauperis* in any future federal lawsuits, other than habeas, which do not involve imminent danger of serious physical injury." *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 781 (10th Cir. 1999) (internal quotation marks omitted).

We DISMISS the appeal as frivolous. We DENY Mr. Garza's application to proceed *in forma pauperis* and remind him that he remains obligated to pay the full filing fee.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

4