**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK M. HAWKINSON,

Plaintiff-Appellant,

v.

JAMES MONTOYA; ESTATE OF
OPAL WILSON; R KEENER;
ROBERT J.M. SCRANTON,

Defendants-Appellees.

No. 07-1377
(D.C. No. 1:04-CV-01271-EWN-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.


Patrick M. Hawkinson appeals pro se from the district court's dismissal of his civil rights action without prejudice, based on his failure to comply with court orders, and from the court's denial of his post-judgment motion under Fed. R. Civ. P. 60(b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Mr. Hawkinson is a prisoner incarcerated in a Colorado state correctional facility. He filed a prisoner complaint and a motion to proceed in forma pauperis in the district court pursuant to 28 U.S.C. § 1915. A magistrate judge granted his motion on June 21, 2004, directing the clerk to commence a civil action, and ordering plaintiff to pay an initial partial filing fee of $12. The order stated that he "shall be required to pay the full amount of the required $150.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action."[1] Aplee. Suppl. App. at 38-39. The order provided further that

> after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month . . . why he has no assets and no means by which to make the monthly payment. . . .
>
> [I]f within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice without further notice.

*Id.* at 39-40. In order to show cause, plaintiff was ordered to "file a current certified copy of his trust fund account statement." *Id.* at 39. In July, the

---

[1]    28 U.S.C. § 1915(b)(1) provides that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."

magistrate judge granted plaintiff's motion to waive payment of the initial $12 filing fee payment, but reminded him of his ultimate obligation to pay the full fee.

Mr. Hawkinson's action was pending in the district court from June 2004 to August 2007, a total of thirty-eight months. In fourteen of those months–more than one-third of the time–he failed to comply with the court's order to make a partial filing-fee payment or show cause why he could not do so. The magistrate judge issued four separate show-cause orders reiterating plaintiff's obligation under the court's orders and warning him that his failure to comply could result in dismissal of his case. In a show-cause order entered January 24, 2006, the magistrate judge advised Mr. Hawkinson:

> Nor is it acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I will require plaintiff, on or before the 15th day of **each** month and without any further notice from or order of the court, either to make the required monthly payment for the preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the order allowing plaintiff to proceed *in forma pauperis*.

*Id.* at 79.

In response to each of the district court's show-cause orders, plaintiff belatedly filed an account statement. He sometimes contended that he had not

-3-

missed any monthly filings, and he sometimes admitted that he had. At one point

he offered, as his excuse for failing to file his account statements, his heavy load

of other litigation matters. He asserted that, in any event, he had never had

sufficient funds to pay the filing fee. Following each show-cause order,

Mr. Hawkinson would make his monthly filings for a while, but then, as the

magistrate judge observed, he "returned to his old ways." *Id.*

When Mr. Hawkinson again failed to make a payment or file account

statements in May and June 2007, the magistrate judge issued a recommendation

that his case be dismissed without prejudice under Fed. R. Civ. P. 41(b), which

provides in part, "If the plaintiff fails . . . to comply with these rules or a court

order, a defendant may move to dismiss the action or any claim against it."[2] In

considering whether dismissal was appropriate, the magistrate judge applied the

*Ehrenhaus* factors: (1) the amount of actual prejudice to the opposing party;

(2) the degree of interference with the judicial process; (3) the litigant's

culpability; (4) whether the litigant was warned in advance that dismissal was a

likely sanction; and, (5) whether a lesser sanction would be effective. *Ehrenhaus*

*v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). He found that any prejudice

---

[2] We have held that a district court may dismiss a case sua sponte under
Rule 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir.
2007).

suffered by the defendants was minimal and insufficient on its own to support

dismissal. As to the second factor, the magistrate judge noted:

> Rather than attending to the merits of this case and other cases, I
> have been required to devote attention to this plaintiff's failure to
> comply with Court orders and §1915(b). . . . [T]he plaintiff's failure
> to comply with his obligation to make payments or show cause
> demonstrates a lack of respect for the judicial process and the law; it
> undermines the uniform application of the rules towards *in forma*
> *pauperis* litigants, many of whom comply with their obligations; and
> it substantially interferes with the ability of the Court to exercise its
> case administration authority. Where, as here, a party flaunts a
> court's orders or complies only when it is convenient, the
> fundamental mechanism by which justice is administered is harmed.

*Id.* at 102-03. The magistrate judge found that plaintiff alone was responsible for

his noncompliance, that he had ample warning his case would be dismissed if he

failed to comply, and that no sanction less than dismissal would be effective.

In response to the magistrate judge's recommendation, on July 3, 2007,

Mr. Hawkinson filed an account statement for the period from May 29 through

June 29. He did not address his failure to make a payment or file an account

statement in May, but he asserted that he had submitted an account statement on

June 8 and for reasons unknown to him it was not in the court's file. His counsel[3]

filed objections to the magistrate judge's recommendation three days later on July

6, attaching the same account statement submitted directly by Mr. Hawkinson.

---

[3]     Plaintiff's counsel entered an appearance on May 31, 2007, after being
appointed by the district court to represent Mr. Hawkinson in the trial in this case,
which was scheduled to begin on August 23, 2007.

His counsel added that "[a]n inmate is not able to lay his hands on the information required by the Court on short notice. However, counsel will endeavor to have the Plaintiff make his record available to counsel, on a monthly basis, so that proof can be provided to the Court pursuant to this Court's order." *Id.* at 108.

On August 10, Mr. Hawkinson's counsel filed an unopposed motion to continue the trial date, explaining that he had suffered a stroke on July 2 that affected his ability to speak, write, and use other forms of communication. Mr. Hawkinson did not file an account statement on or before August 15, 2007. On August 16, the district court accepted the magistrate judge's recommendation and dismissed the case without prejudice. The court noted that plaintiff's objections to the magistrate judge's recommendation, filed by himself and by counsel, failed to contend either that its factual contentions or its legal analysis were incorrect, but instead attempted to belatedly comply with the court's orders by submitting an uncertified account statement. The court concluded:

> The requirement of a certified statement showing an inability to pay is a simple requirement. Other inmates comply without incident, and there is no plausible reason for Plaintiff's persistent non-compliance. Plaintiff cannot defiantly flout court orders without consequence to his case, and the magistrate judge has recommended an appropriate consequence.

*Id.* at 115.

Mr. Hawkinson filed a pro se motion to reconsider under Fed. R. Civ. P. 60(b). He asked the court to consider additional objections to the magistrate judge's recommendation, asserting that his counsel's stroke prevented him from filing complete objections. He asserted on the merits that, despite his regular requests to the Department of Corrections, he did not receive an account statement every month, but that he had diligently filed every statement that he had received. He argued that the dismissal order was the first time that the court had distinguished between certified and uncertified account statements, and he asserted that the court never previously rejected any uncertified statements that he had filed. He also claimed that a new prison policy made it difficult to obtain certified account statements.

Plaintiff attached to his motion a certified, six-month account statement showing a negative balance, which he contended should remedy any error he had made. He pointed to the numerous account statements he did file and asserted that he had never acted in bad faith or benefitted in any way from his failures to file monthly account statements. He argued that, after five dispositive motions had been resolved in his favor, discovery was complete, and the matter was set for trial with counsel appointed to represent him, dismissal of his case was unwarranted based upon his failure to pay a $150 filing fee that he could not afford to pay. Finally, he argued that the court did not have authority under

28 U.S.C. §§ 1915 or 1915A to dismiss his case on the grounds cited in the court's order.

The district court denied plaintiff's Rule 60(b) motion in a minute order, without discussion. He timely appealed the district court's dismissal order and its denial of his Rule 60(b) motion.

### *Standard of Review*

"We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders . . . ." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, quotation, and brackets omitted). "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."[4] *Gripe*, 312 F.3d at 1188 (quotation omitted). "It is within a court's

---

[4] The district court may not have been required to apply the *Ehrenhaus* factors in this case because it dismissed the action without prejudice. *See Ecclesiastes*, 497 F.3d at 1143 n.10 (noting when dismissal is without prejudice, "a district court need not follow any particular procedures" (quotation omitted)). But a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired. *See Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Here,

(continued...)

-8-

discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918.

We also review for an abuse of discretion the district court's denial of a Rule 60(b) motion. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is extraordinary and may only be granted in exceptional circumstances." *Id*. (quotations omitted).

Finally, we construe plaintiff's pro se appeal arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

### *Discussion*

Mr. Hawkinson argues that the district court abused its discretion in dismissing his case because none of the statutory criteria for dismissal under §§ 1915(e)(2) or 1915A(b) were met. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;

---

[4](...continued)
Mr. Hawkinson does not contend that the dismissal was, in effect, with prejudice because the statutes of limitations have expired on his claims. However, because the district court applied the *Ehrenhaus* criteria, we review the propriety of the dismissal under those factors.

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Section 1915A(b) similarly provides:

> Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In making this argument, however, plaintiff ignores the basis for the district court's dismissal. Rather than relying on §§ 1915(e)(2) or 1915A(b), the court dismissed the case under Fed. R. Civ. P. 41(b), based upon his failure to comply with court orders–specifically, its orders requiring him to make partial filing fee payments each month or to show cause why he could not do so.

Mr. Hawkinson contends further that the district court exceeded its legal authority by imposing a requirement over and above the requirements set forth in §§ 1915 and 1915A to maintain an action without prepayment of the filing fee. He relies on the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). In *Jones*, the Court acknowledged that exhaustion of remedies is a requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Id.* at 918. But it held that district courts could not depart from the

-10-

Federal Rules by applying a heightened pleading standard requiring a prisoner to plead exhaustion of remedies in his complaint. *See id.* at 919. Mr. Hawkinson argues that the district court, therefore, could not order him to submit his account statements each month, because §§ 1915 and 1915A include no such requirement and do not provide for dismissal upon his failure to do so. Because he makes this argument for the first time on appeal, we decline to consider it. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.) (declining to consider new theory on appeal, even one "that falls under the same general category as an argument presented [in the district court] or presents a theory that was discussed in a vague and ambiguous way" (quotations omitted)), *amended on other grounds*, 103 F.3d 80 (10th Cir. 1996).

Regarding application of the *Ehrenhaus* criteria, Mr. Hawkinson argues that the district court abused its discretion in finding that he alone was culpable for his failures to file his account statements. He asserts that he made "every reasonable, substantial and good-faith effort to fully comply with the Court's Order(s) by filing his monthly account statements as, when, and if he received it from the Colorado Department of Corrections," but "his efforts were simply obstructed by prison bureaucracy and red tape." Aplt. Opening Br. at 12, 15. He made this claim for the first time in the district court in his Rule 60(b) motion, asserting that it was not included in his objections to the magistrate judge's recommendation because his counsel had suffered a stroke. But even his own separately-filed

objections made no such assertion. Furthermore, in response to *four* separate show-cause orders, he never once claimed that, despite his best efforts, he was having difficulty obtaining his account statements. We conclude that Mr. Hawkinson has failed to show an abuse of discretion by the district court based upon his extremely tardy claim of difficulty in obtaining his account statements from prison authorities.

Mr. Hawkinson also asserts, regarding his culpability, that the district court's dismissal order was the first time that it ever distinguished between certified and uncertified account statements. The court did admonish plaintiff for filing an uncertified account statement in opposition to the magistrate judge's recommendation. And he is correct that the court had not previously taken issue with the few uncertified statements that he filed. But we disagree that the district court failed to notify him that his account statements must be certified. It specifically stated that requirement in its initial order authorizing commencement of the action, and it reiterated the requirement in each show-cause order. In any event, the magistrate judge's recommendation, which the district court adopted, was based on plaintiff's persistent failures to file *any* account statement, whether certified or not. We hold that the district court did not abuse its discretion in

finding Mr. Hawkinson culpable for his failures to comply with the court's orders.[5]

Plaintiff argues further that the district court abused its discretion in dismissing his case because he never had sufficient funds to pay the filing fee and he remedied any previous error by filing a certified, six-month account statement with his Rule 60(b) motion. We construe this as an argument that, under the second *Ehrenhaus* factor, plaintiff's failure to comply with the court's orders did not sufficiently interfere with the judicial process to warrant dismissal. He attempts to distinguish his case from *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003), on which the magistrate judge relied in his recommendation. As in this case, the district court in *Cosby* entered an order requiring the plaintiff to either make monthly partial filing fee payments or show cause why he could not do so by filing his account statements. *Id.* at 1327-28. We affirmed dismissal based on Mr. Cosby's violation of that order. *Id.* at 1326.

---

[5]     Mr. Hawkinson's contention that the district court's dismissal was based entirely on his failure to file account statements in June, July, and August 2007 is not supported by the record, which makes clear that the magistrate judge's recommendation, as adopted by the district court, was the result of his repeated failures to follow the court's orders. Nor will we consider on appeal new evidence regarding his June 2007 filing, which he attached as an exhibit to his appeal brief but never presented to the district court. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (refusing to consider evidence not before the district court when rulings made).

Mr. Hawkinson contends that the plaintiff's conduct in *Cosby* was substantially more egregious than his conduct, because Mr. Cosby not only failed to file his account statements, he had funds to make filing fee payments that he attempted to hide from the court. *See id.* at 1328-31. But in *Cosby* we cautioned "that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." *Id.* at 1334. Moreover, despite plaintiff's protestations that he never had sufficient funds in his account to make even a partial filing fee payment,[6] we emphasized in *Cosby* that

> [t]he issue here is not money per se. The amounts at stake . . . might not seem significant to some outside prison walls. The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.

---

[6] We note that our review of the record indicates that Mr. Hawkinson did, at times, appear to have sufficient funds to make a partial filing fee payment. He filed a letter with the court in May 2005 indicating that he had total income in March, April, and May of that year of almost $250. He explained in the letter that $88 intended to be used for both restitution and a partial filing fee payment in this case had been misapplied entirely to restitution. But he failed to explain how he spent the remainder of his income during those months. Nor did he file an account statement with his letter. A statement he filed two months later showed he had a $45 money order credit and a $25 canteen order in May. In addition, in July and August of that year he had money order credits totaling $70 and over $50 in canteen orders. But because the district court did not rely on this evidence in dismissing plaintiff's case, we do not consider it in determining whether the court abused its discretion in doing so.

*Id.* at 1326.  We conclude that the district court did not abuse its discretion in finding that Mr. Hawkinson's persistent noncompliance with its orders either to make his filing fee payments or show cause by filing certified account statements sufficiently interfered with the court's ability to exercise its case-administration authority to warrant dismissal.

Finally, Mr. Hawkinson argues that the district court abused its discretion in dismissing his case after his counsel filed objections to the magistrate judge's recommendation under the lingering effects of a stroke.  He contends that, rather than entering the dismissal, the district court should have either given his counsel time to recover, or appointed other counsel to properly object to the recommendation.  But in his Rule 60(b) motion plaintiff presented the arguments that he contends his counsel would have made but for his illness, and to the extent that he raises those arguments on appeal, we have reviewed them and found no abuse of discretion by the district court.  We therefore hold that the district court did not abuse its discretion in dismissing Mr. Hawkinson's action without providing his counsel an opportunity to file further objections.  We reject on this same basis his argument that the district court abused its discretion by denying his Rule 60(b) motion without discussion.

### Conclusion

We conclude that the district court did not make a clear error of judgment or exceed the bounds of permissible choice under the circumstances in dismissing

-15-

Mr. Hawkinson's action. He has failed to show that the court relied upon an erroneous conclusion of law or upon clearly erroneous findings of fact. Therefore, the judgment of the district court is AFFIRMED. We GRANT plaintiff's request for leave to proceed without prepayment of the appellate filing fee, and we remind him of his continuing obligation to make partial payments until the entire fee has been paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court


Mary Beck Briscoe
Circuit Judge