**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK M. HAWKINSON,

     Plaintiff - Appellant,

v.

JAMES A. MONTOYA; ROBERT
SCRANTON, In their individual and
official capacities.

     Defendants - Appellees.

No. 09-1470
(D.C. No. 1:08-CV-01558-REB-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral argument.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Patrick M. Hawkinson, a state prisoner appearing pro se,[1] appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint against Robert Scranton, a private attorney, and James A. Montoya, an investigator with the Colorado Department of Corrections (CDOC). He alleges Scranton and Montoya cooperated to deny him access to the courts by attempting to stymie his efforts to enforce two default judgments he obtained in a civil proceeding and retaliated against him for trying to obtain judicial relief. The district court concluded his claims were time-barred and denied as futile his motion for leave to amend. We affirm.

## I.    BACKGROUND

Hawkinson allegedly provided goods and services to Opal Wilson, an older woman, from February to March 2002 and, while he was incarcerated,[2] sued her for breach of contract when she failed to pay.[3] In April 2002, he obtained two default judgments against Wilson in a Colorado state court; they totaled $70,000. Wilson died in October 2003. In January 2004, Hawkinson's civil attorney contacted Scranton, the attorney for the Estate of Opal Wilson (the Estate), to demand payment of the outstanding judgments. He received no response.

---

[1] We liberally construe Hawkinson's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Hawkinson was arrested and sent to prison on a parole violation in April 2002.

[3] These facts are taken from Hawkinson's complaint and we accept them as true for purposes of analyzing whether the court erred in dismissing Hawkinson's complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008).

In January 2004, a representative of the Estate contacted Montoya regarding the judgments. According to Hawkinson's allegations, Montoya: 1) agreed to help the Estate prevent Hawkinson from collecting on the judgments, 2) interrogated Hawkinson regarding the judgments and threatened him with punitive segregation if he did not dismiss them and, 3) when Hawkinson refused to dismiss the judgments, took various retaliatory actions against him.[4] On February 13, 2004, Scranton filed a motion in state court for relief from the judgments attaching as an exhibit an affidavit from Montoya.[5] The court granted the motion and set aside the default judgments.[6]

Based on these factual allegations, Hawkinson filed an action pursuant to 42 U.S.C. § 1983 against Montoya in federal district court on June 21, 2004.[7] He asserted claims of retaliation and denial of right of access to the courts. The case was dismissed without prejudice on August 16, 2007, because Hawkinson repeatedly failed to timely file

---

[4] Hawkinson alleges Montoya: placed him in punitive segregation for thirty days; seized his legal documents and law books; transferred him to a higher security facility; added classification points to his custody rating; prepared a false affidavit which was filed in his civil case; caused strife between him and his pastor; provided false and defamatory information about him to the newspaper; attempted to get criminal charges filed against him; and terminated his phone privileges.

[5] The affidavit is not included in the record on appeal.

[6] Hawkinson appealed from the court's order, but the Colorado Court of Appeals held it lacked jurisdiction because the trial court's order was not a final appealable order. Hawkinson returned to the state trial court and continued to challenge its order setting aside the default judgments, but finally gave up. *See* n.9, *infra*.

[7] Hawkinson also named Jenelle Borden as a defendant in the 2004 suit. Borden is on the library staff at a CDOC facility. He has not named Borden as a defendant in this case.

certified statements of his prison account balance (to qualify for *in forma pauperis* (*ifp*) status) or pay the filing fee. Hawkinson appealed from that dismissal; we affirmed. *See Hawkinson v. Montoya*, 283 Fed. Appx. 659, 667 (10th Cir. 2008) (unpublished).

On August 12, 2008, Hawkinson, proceeding pro se, filed the present suit against Montoya and Scranton in federal district court.[8] Hawkinson concedes this case "involves the exact same verbatum [sic] parties, issues, claims, etc." as the case he filed in 2004. (R. Vol. I at 57.) Hawkinson asserted two claims for relief: (1) Montoya retaliated against him and denied his right of access to the courts; and (2) Scranton "acted in conspiracy or jointly" with Montoya in retaliation for his civil actions and denied his right of access to the courts. (R. Vol. I at 42.) He alleged:

> Defendant's actions have continued to this day such as: Plaintiff's telephone remains shut-off, Plaintiff's legal documents have not been returned, Plaintiff's law books have not been returned, Plaintiff remains at a higher security facility, etc., all directly related to Plaintiff's civil cases against Opal Wilson. On July 7, 2007, because of Defendant's ongoing actions Plaintiff's claims were dismissed with prejudice by the state civil court.[9]

(*Id*. at 40.)

Montoya filed a motion to dismiss Hawkinson's complaint pursuant to Fed. R.

---

[8] On July 24, 2008, he filed a motion for leave to file a complaint without the proper form. The court denied the motion and ordered Hawkinson to file his complaint on the court-approved form. He did so on August 12, 2008.

[9] The state court case was dismissed with prejudice on July 3, 2007, not July 7, 2007. Hawkinson contacted the state court judge and informed him he wanted to dismiss his case with prejudice. In its order of dismissal, the court noted "that no finding has been made . . . that Mr. Hawkinson's claims were fraudulent or that they were based on a forgery." (R. Vol. I at 73.)

Civ. P. 12(b)(6) arguing it was barred by the applicable two-year statute of limitations.  In opposition, Hawkinson argued his claims accrued on July 3, 2007, when his state court case was dismissed with prejudice.  Hawkinson also filed a motion for leave to amend his complaint and attached a proposed amended complaint.  Among other changes, the proposed pleading contained the following additional factual allegations:

29.     Defendant's actions continued against the Plaintiff throughout the entire state court matter.  These actions included, but not limited to: Plaintiff's telephone remained shut-off; Plaintiff's legal documents, evidence, etc., were never returned to the Plaintiff or his attorney; Plaintiff's law books were never returned to the Plaintiff; Plaintiff remained at a higher security prison facility; etc., all directly related to Plaitniff's [sic] civil cases against Opal Wilson.

30.     On June 27, 2007, the Estate of Opal Wilson—through Defendant's [sic]Scranton and Montoya—refused and failed to return any of the Plaintiff's legal documents, books, etc., to the Plaintiff through the court ordered discovery . . . .

31.     Because Plaintiff absolutely needed those legal documents that were seized and kept by Defendant Montoya to prove his case before a jury and neither Defendant Montoya nor Defendant Scranton would return plaintiff's legal documents to the Plaintiff or his attorney, Plaintiff had no other course of action but to dismiss his case.  These joint and concerted actions by both Defendants denied the Plaintiff access to the courts and to have his claims heard with all available evidence.

32.     Therefore, on July 3, 2007, the state court dismissed with prejudice Plaintiff's claims against Opal Wilson . . . .  The dismissal of Plaintiff's state claim cost Plaintiff in excess of $70,000 in actual damages with no further available recourse.

(R. Vol. I at 104-05.)

The magistrate judge issued a report recommending Montoya's motion to dismiss be granted and Hawkinson's motion to amend by denied.  The magistrate concluded

Hawkinson's claims were time-barred because his cause of action accrued in 2004 when the alleged acts of retaliation occurred. Hawkinson objected to the report and recommendation.

The district court concluded Hawkinson's claims were not barred by the statute of limitations because he alleged Defendants' actions resulted in the dismissal of his state court complaint (July 3, 2007) and he also alleged Defendants' actions continued up until the filing of his federal complaint (August 12, 2008). The court dismissed the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it concluded Hawkinson's allegations "do not state plausible claims for relief . . . ." (R. Vol. I at 178.) It explained "[Hawkinson's] ability to prosecute [a civil collection case] does not fall within [his] right of access to the courts." (*Id.* at 176.) The court also concluded Hawkinson's retaliation claim failed because "[a]ny retaliation the plaintiff may have suffered that was motivated by the plaintiff's prosecution of [the civil collection] case . . . was not retaliation motivated by the plaintiff's exercise of a constitutional right." (*Id.* at 177.) The court denied Hawkinson's motion to amend as futile and entered judgment on September 17, 2009.

Hawkinson filed a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure.[10] The court granted the motion concluding it had

---

[10] Hawkinson filed a notice of appeal from the court's first order and judgment. This appeal was abated pending the district court's ruling on Hawkinson's motion for reconsideration. The district court denied that motion on February 19, 2010, and the abatement was lifted on March 17, 2010.

"misapprehended the controlling law on two points." (R. Supp. Vol. I at 5.) It cited

*Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995), for the proposition that a state has

no affirmative duty to assist an inmate in prosecuting civil matters, but may not erect

barriers that impede the right of access. Thus, it concluded Hawkinson "state[d] arguable

claims for denial of his right of access to the courts and for retaliation." (R. Supp. Vol. I

at 8.) The court also reversed its prior ruling on the statute of limitations and held

Hawkinson's claims against Montoya were time-barred. It explained: "A civil rights

action accrues when the plaintiff knows or has reason to know of the injury that is the

basis of the action." (*Id.* at 9.) A § 1983 claim accrues "when the plaintiff knows or

should know that his or her constitutional rights have been violated." (*Id.*) The court

held the constitutional injury that triggered the statute of limitations occurred in 2004 and

the fact that Defendants' actions may have continued to the date of the filing of the

complaint "does not mean that the statute of limitations is extended for as long as the

injury continues." (*Id.* at 10.) The court held Hawkinson's claims against Scranton were

also time-barred. It dismissed the claims against Montoya pursuant to Rule 12(b)(6) and

dismissed the claims against Scranton pursuant to 28 U.S.C. § 1915A(b)(1). It denied

Hawkinson's second motion for reconsideration and also denied his motion to proceed *ifp*

on appeal. Hawkinson has filed a renewed application to proceed *ifp* on appeal with this

Court.

## II.    DISCUSSION

Hawkinson contends the district court erred in dismissing his complaint and

denying his motion for leave to amend. "We ordinarily review a denial of a motion to

- 7 -

amend a pleading for abuse of discretion. However, when denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009) (citations omitted). Under this standard, we consider whether Hawkinson's claims—as alleged in the amended complaint—would have survived a motion to dismiss on statute of limitations grounds. We review the district court's dismissal of Hawkinson's complaint de novo. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (we review the dismissal of a prisoner's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim de novo); *Howard*, 534 F.3d at 1242-43 (we review the grant of a motion to dismiss under Rule 12(b)(6) de novo).

Hawkinson filed his complaint on July 24, 2008, at the earliest. *See supra* n.6. The parties agree Hawkinson's claims are governed by a two-year statute of limitations pursuant to Colo. Rev. Stat. § 13-80-102(1)(g). Thus, in order to be timely, his claims had to accrue on or after July 25, 2006.[11]

> [F]ederal law governs the question of accrual of federal causes of action, and thus, dictates when the statute of limitations begins to run for purposes of § 1983. A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated.

*Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotations and citations omitted). The district court concluded Hawkinson's claims accrued in 2004 because that

---

[11] Hawkinson has never argued tolling of the statute of limitations.

is when he knew or should have known of the alleged violation of his constitutional rights. Hawkinson argues his claims accrued on July 3, 2007, because, prior to that date, he had not suffered an actual injury and thus, could not have stated a claim for denial of access to the courts. He also claims Montoya's retaliation continued up until the filing of his complaint (August 12, 2008).

In order to determine when Hawkinson's claims accrued, we must "identify the constitutional violation and locate it in time." *Id.* (quotations omitted). Hawkinson alleges two distinct constitutional violations: retaliation and denial of right of access to the courts. The acts of retaliation about which Hawkinson complains occurred in 2004. In his amended complaint, he alleges these "actions continued . . . throughout the entire state court matter" but this allegation does not serve to extend the statute of limitations. (R. Vol. I at 104.) As the district court correctly (though belatedly) said: "[T]he fact that the limitations imposed by Montoya in 2004 allegedly have continued, or the fact that those alleged wrongful actions have caused additional harm . . . does not serve to extend the applicable period of limitations." (R. Supp. Vol. I at 10.)

Hawkinson's claim of denial of right of access to the courts fares no better. In order to have standing to pursue a right-of-access claim, a plaintiff must allege actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). But a plaintiff can satisfy this standing requirement by showing the defendant "hindered [his] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *see also Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992) ("Any deliberate impediment to

- 9 -

access to the courts . . . may constitute a constitutional deprivation.") (quotations omitted); *see, e.g.*, *Simkins v. Bruce*, 406 F.3d 1239, 1243-44 (10th Cir. 2005) (recognizing sufficient showing of actual injury where prisoner demonstrated specific impact on prosecution of particular case). The *Lewis* Court explained cognizable harm arises not only when a claim is lost or rejected, but also when the plaintiff's efforts to pursue a claim are impeded. 518 U.S. at 353 n.4.

Hawkinson was not required to show an adverse determination in order to succeed on his right-of-access claim and the fact that his state court case was not dismissed until July 3, 2007, does not extend the statute of limitations on that claim. Hawkinson was clearly aware of the alleged violation of his constitutional rights in 2004 as he filed his first federal suit—raising the exact same claims he raises here—on June 21, 2004. Even though he did not know his state court case would ultimately be dismissed, he was aware of his injury (impediment in pursuing his state court case) and the cause (Montoya's and Scranton's actions), which means his right-of-access claim had accrued for statute of limitations purposes. Hawkinson had an opportunity to pursue his constitutional claims through the case he filed in 2004. The district court correctly concluded his claims are now time-barred and did not err in dismissing his complaint. And it correctly concluded amendment would be futile because the claims presented in Hawkinson's proposed amended complaint would also be time-barred.

We **AFFIRM** the judgment of the district court and we **DENY** Hawkinson's motion to proceed *ifp*. To proceed *ifp* on appeal "an appellant must show a financial

- 10 -

inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). As discussed above, Hawkinson has not presented a reasoned, non-frivolous argument in support of the issues raised on appeal. Hawkinson must immediately pay the filing and docket fees in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (appellant is not relieved of his obligation to pay the appellate filing fee in full).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge